

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8233 | **DATE** | 11/24/2003 |
| **CASE TITLE** | DAVID POWELL vs. BAY VIEW BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis and his motion for appointment of counsel are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | NOV 2 5 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 6 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID POWELL,                )
                             )
            Plaintiff,       )
                             )
      vs.                    )  No. 03 C 8233
                             )
BAY VIEW BANK,               )
                             )
            Defendant.       )

**DOCKETED**

NOV 2 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff David Powell brought this action against Bay View Bank. Along with his complaint plaintiff filed a petition to proceed *in forma pauperis* and a motion for appointment of counsel. For the following reasons, plaintiff's petition to proceed *in forma pauperis* and his motion for appointment of counsel are denied.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his affidavit plaintiff states that he has been unemployed since March 23, 2000; that his only income in the past year was $2,000 from disability insurance; and that he has no assets. Plaintiff has shown his inability to pay court costs.

Our inquiry does not end there, however. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim



using the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). Pursuant to Rule 12(b)(6), we dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties should "be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

According to plaintiff's complaint and attached documents, the facts are as follows: Plaintiff, a resident of Lansing, Illinois, purchased a used 1995 Land Rover Range Rover from the Towne & Countree auto dealership in Schererville, Indiana, in November 1998. Plaintiff received financing for the vehicle, which cost over $53,000, from defendant Bay View Bank (Bay View), apparently headquartered in Covina, California. Bay View financed $34,839.50 of the vehicle's purchase price.

After purchasing the Range Rover, plaintiff experienced a number of mechanical problems with the vehicle. Dissatisfied with Towne & Countree's response to these problems, plaintiff complained to the Consumer Protection Division of the Office of the Attorney General for the State of Indiana. Plaintiff also informed Bay View of his difficulties.

Due to a back injury, plaintiff was on disability leave from his job from September through December 1999. Sometime prior to his injury plaintiff requested disability insurance from Bay View. Bay View informed plaintiff that it did not sell such insurance. As a result of his disability leave, plaintiff fell behind in his loan payments to Bay View. Though plaintiff does not provide details in his complaint, his attached letter to the California Attorney General's Office explains that on March 31, 2000, plaintiff spoke with Randy Kurac, a

representative of Bay View, about his overdue loan payments. Kurac allegedly informed plaintiff that Bay View would accept payment the next day for the amount past due on the loan. Plaintiff confirmed that he would make the payment by Western Union on April 1, 2000. Unbeknownst to plaintiff, Bay View had already issued an assignment for repossession on March 30, 2000. The vehicle was repossessed on April 1, 2000. Bay View subsequently sold the Range Rover at auction for $14,700, which was applied to the outstanding balance on plaintiff's loan. As of May 16, 2000, plaintiff still owed Bay View $17,363.

Plaintiff claims that Bay View violated "the Fair Credit Act, the Americans with Disabilities Act, and . . . ILCS 5/3-114." Interpreting plaintiff's complaint liberally, we find that he fails to state a claim under any of these provisions. Chapter 41 of Title 15 of the United States Code, 15 U.S.C. §§ 1601-1693r, concerns Consumer Credit Protection. Plaintiff suggests that Bay View's alleged misrepresentation was a willful violation of 15 U.S.C. § 1681. The purpose of § 1681 is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer . . . ." Bay View is not alleged to be, nor does it appear to be a consumer reporting agency[1], therefore this section does not apply.

Nor does plaintiff state a claim under 15 U.S.C. § 1692, which regulates debt collection practices. Section 1692e prohibits a debt collector from using "any false, deceptive, or

---

[1] "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(e).

misleading representation or means in connection with the collection of any debt." However, Bay View is not a debt collector, it is a creditor. This section does not apply to a creditor unless the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Plaintiff does not allege that Bay View engaged in such a practice. After a review of the remaining provisions of 15 U.S.C. § 1601 *et seq.*, it appears that plaintiff's allegations do not state a claim under any of these sections.

Plaintiff leaves the court to guess how the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, relates to his allegations. It appears that he may believe that Bay View discriminated against him by refusing to provide him with the disability insurance that he sought or by repossessing his car. However, he has not alleged this in his complaint. Plaintiff does not contest Bay View's repeated assertion in letters attached to the complaint that it does not offer disability insurance, nor does he contend that Bay View repossessed his car because of his disability. Even if plaintiff had made these allegations, they would not constitute a violation of any ADA provision. *See* 42 U.S.C. §§ 12101-12213.

Plaintiff also alleges that Bay View violated "ILCS 5/3-114." While we do not know what Illinois statute plaintiff is referring to in his complaint, he may have stated a contract or tort claim under Illinois common law. *See* <u>Monarch Coaches, Inc. v. ITT Industrial Credit</u>, 818 F.2d 11, 13 (7th Cir. 1987)("We may assume that a creditor who precipitates his debtor's default by misleading the debtor as to the amount due, or when, is estopped to declare a default and repossess the collateral. Whether this conclusion is stated in terms of the doctrine of contract conditions . . . or in terms of the tort of fraud or deceit, or of negligent

misrepresentation, and whether it makes the repossession tortious as well as a breach of contract, are details that need not trouble us in this case."). To exercise jurisdiction over an action that solely involves state law claims, the parties must be from different states and the amount in controversy must exceed $75, 000. 28 U.S.C. § 1332. Even if Bay View is not incorporated in Illinois and has its principal place of business in California, we could not exercise diversity jurisdiction because the amount in controversy is less than $75,000.

## CONCLUSION

For the forgoing reasons, plaintiff's petition to proceed *in forma pauperis* and his motion for appointment of counsel are denied.

*James B. Moran*<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Nov. 24, 2003.